897 F.2d 538
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
U.S. FILIGREE WIDESLAB, INC., Plaintiff/Cross-Appellant,
v.
FILIGREE WIDESLAB OF FLORIDA, INC., Defendant-Appellant.
 Nos. 89-1423, 89-1440.
 United States Court of Appeals, Federal Circuit.
 Feb. 1, 1990.
 
 Before MARKEY, Chief Judge, MAYER, Circuit Judge, and BRIAN BARNETT DUFF, District Judge.*
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 U.S. Filigree Wideslab, Inc. (U.S. Filigree) appeals from the March 23, 1989 judgment of the United States District Court for the Middle District of Florida, No. 87-136-CIV-ORL-18, awarding to Filigree Wideslab of Florida, Inc. (Filigree Florida) $20,000 as attorney fees. We affirm.
 
 OPINION
 
 2
 Initially, we express our disapprobation of the failure of both parties' counsel to request particular findings under Rule 52(b), Fed.R.Civ.P., respecting the precise basis of the attorney fees award. This appeal and its potential for remand might thereby have been avoided. Though memorandum opinions and findings are helpful and often necessary on appeal, the overwhelming pressure on district courts requires acceptance of shortcuts when their meaning is clear and unambiguous.
 
 
 3
 An appellee may sustain a judgment on any basis appearing in the record. United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924) (appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record); Stratoflex Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540, 218 USPQ 871, 880 (Fed.Cir.1983) ("We sit to review judgments, not opinions.") Here the record supports a finding of willfulness. Filigree Florida's "Motion for Increased Damages and/or Attorneys' [sic] Fees" was accompanied by a supporting memorandum in which Florida Filigree set forth the factual basis for a finding of willful infringement and argued such a finding should support an award of attorney fees. The district court's handwritten and signed notation on the motion--"granted attorney fees $20,000.00 23 March 89"--could only have had its basis in the accompanying memorandum. A remand to enable the district court to recast Filigree Florida's memorandum in the court's own words would clearly be unwarranted.
 
 
 4
 The cross-appeal, being contingent on a reversal, is dismissed.
 
 
 
 *
 District Judge Brian Barnett Duff of the Northern District of Illinois, sitting by designation